# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KALEI MERRILL, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | Civil Action No. 4:24-cv-442 |
| MCKINNEY INDEPENDENT § | Judge Mazzant |
| SCHOOL DISTRICT, MITCHELL § | |
| CURRY, MELINDA DEFELICE, AND § | |
| TAMIRA GRIFFIN, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Second Motion to Dismiss (Dkt. #14). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Kalei Merrill ("Merrill") is a schoolteacher who has been employed with McKinney Independent School District ("MISD") for more than fifteen years (*See* Dkt. #13 at ¶ 2). This is an action involving her alleged forced resignation on October 16, 2019, after her principal, Mitchell Curry ("Curry"), confronted her with nude photographs of herself that had been posted on a website without her knowledge or permission (Dkt. #13 at ¶¶ 4, 7, 15–16, 22).

### I.   Factual Background

The facts underlying this dispute took place at Scott Johnson Middle School ("SJMS") in McKinney, Texas (*See* Dkt. #13). In October of 2017, Merrill's ex-fiancé sent Curry, two of his assistant principals, Grace Harris and David Warren, and other MISD administrators an email to their MISD email addresses (Dkt. #13 at ¶ 15). The email included a link to a website to which nude

photographs of Merrill were posted (Dkt. #13 at ¶ 15). After accessing the website, Curry forwarded the email to MISD Assistant Superintendent of Secondary Support, Melinda DeFelice ("DeFelice"), for guidance on how to handle the situation (Dkt. #13 at ¶ 16). DeFelice, in turn, contacted MISD Assistant Superintendent of Human Resources, Tamira Griffin ("Griffin") (Dkt. #13 at ¶ 16). Together, DeFelice and Griffin instructed Curry to pull Merrill out of class and bring her into Curry's office, where Harris was waiting (Dkt. #13 at ¶¶ 16, 18). There, Curry displayed the nude photographs to Merrill on an oversized computer monitor (Dkt. #13 at ¶ 16).

As he scrolled through the website containing Merrill's explicit photographs, Curry asked Merrill to confirm that the photographs were of her (Dkt. #13 at ¶ 18). She confirmed, but insisted that she was not responsible for uploading the photographs to the website, nor did she consent to their distribution or publication (Dkt. #13 at ¶ 18). As the meeting progressed, Curry continued to "peruse" the photographs on the website (Dkt. #13 at ¶ 18). Finally, Curry presented Merrill with two options: resign immediately from her decade-long employment with MISD or request a formal investigation by the human resources department (Dkt. #13 at ¶ 19). The second option came with a caveat. If Merrill chose to initiate an investigation, Curry warned that her photographs would be released to the human resources department and the school board (Dkt. #13 at ¶ 19). Overwhelmed by the revelation of her private photographs at the meeting, Merrill requested to call her parents and her attorney (Dkt. #13 at ¶ 19). Curry refused (Dkt. #13 at ¶ 19). Instead, Merrill contends that Curry repeatedly pressured her into making a decision (Dkt. #13 at ¶ 19). In response, Merrill requested twenty-four hours to collect her thoughts and consider her options (Dkt. #13 at ¶ 19). Again, Curry denied her request (Dkt. #13 at ¶ 19). According to Merrill, Curry insisted that

students had already viewed and shared the photographs and warned that if she opened an investigation, they would only become more widespread (Dkt. #13 at ¶ 19).

As the meeting concluded, Curry handed Merrill a pen and paper and requested her resignation (Dkt. #13 at ¶ 20). Merrill explained to Curry and Harris that she did not wish to resign and that she did not understand why she had to do so (Dkt. #13 at ¶ 20). Curry and Harris responded that she "had no other choice" (Dkt. #13 at ¶ 20). Thus, Merrill submitted her signed resignation letter, and Curry escorted her out of the building (Dkt. #13 at ¶ 20). Yet, even after leaving his office, Curry kept the photographs displayed on his monitor with "his office door unlocked and wide open, so that anyone passing by may view the photographs" (Dkt. #13 at ¶ 17) (cleaned up). Indeed, according to Merrill, "several other people" saw Merrill's private photographs while Curry escorted Merrill out of the building (Dkt. #13 at ¶ 17).

## II.  Procedural History

In response to her alleged forced resignation, in April of 2019, Merrill filed a state court lawsuit against Curry, DeFelice, and Griffin (collectively, "Individual Defendants") in the 380th Judicial District Court, Collin County, Texas (Dkt. #14 at ¶ 1.3). Her state court Petition asserted six causes of action against Individual Defendants in their individual capacities: (1) violation of TEX. CIV. PRAC. & REM. CODE § 98B.002; (2) negligence *per se*; (3) intentional infliction of emotional distress; (4) intrusion upon seclusion; (5) defamation; and (6) public disclosure of private fact (Dkt. #14 at ¶ 1.3).[1] *See Merrill v. Curry*, No. 05-21-00934-CV, 2023 WL 3070810 (Tex. App.—Dallas Apr. 25, 2023, pet. denied).

---

[1] The Court will refer to the lawsuit in the 380th Judicial District Court, Collin County, Texas, as the "State Court Action."

In the State Court Action, Individual Defendants moved for summary judgment on multiple grounds. *Id.* at *7–9. First, they argued that they could disprove at least one element of each of Merrill's six causes of action, thereby entitling them to judgment as a matter of law. *Id.* at *8–9. Second, and as relevant here, Individual Defendants contended that they could prove that they were entitled to immunity on all of Merrill's claims. *Id.* The trial court granted summary judgment for Individual Defendants and dismissed Merrill's claims with prejudice. *Id.* However, it did not specify which grounds entitled Individual Defendants to judgment as a matter of law. *Id.* at *10. Thus, on appeal, Merrill presented six issues to the Dallas Court of Appeals including, *inter alia*, whether the trial court erred in determining that Individual Defendants were immune from their conduct. *Id.* The appellate court took up Individual Defendants' affirmative defense of immunity first, as it was case dispositive. *Id.* at *12. Analyzing professional immunity under TEX. EDUC. CODE § 22.0511, the Dallas Court of Appeals concluded that Individual Defendants "acted within the scope of their authority" and that their actions were discretionary. *Id.* at *13, *18. Thus, the appellate court affirmed the trial court's grant of summary judgment for Individual Defendants because they were "immune from suit." *Id.* at *1, *22.

Just over a year after the Dallas Court of Appeals put the State Court Action to rest, on May 15, 2024, Merrill filed a Complaint in this Court (Dkt. #1). She amended her Complaint on July 15, 2024 (Dkt. #13). Merrill's Complaint, as amended, raises eight causes of action against Individual Defendants in their individual and official capacities, as well as MISD[2]: (1) violation of TEX. CIV. PRAC. & REM. CODE § 98B.002; (2) negligence *per se*; (3) intentional infliction of emotional distress; (4) intrusion upon seclusion; (5) defamation; (6) public disclosure of private fact;

---

[2] The Court will refer to Individual Defendants and MISD collectively as "Defendants."

4

(7) sexual harassment and unlawful employment practices under TEX. LAB. CODE §§ 21.141–.142; and (8) sexual harassment and unlawful employment practices under Title VII of the Civil Rights Act of 1964 (Dkt. #13 at ¶¶ 40–77). Defendants promptly moved to dismiss Merrill's Amended Complaint on July 16, 2024 under FED. R. CIV. P. 12(b)(1), 12(b)(6), and TEX. CIV. PRAC. & REM. CODE § 101.106 (Dkt. #14). Merrill filed her Response on July 30, 2024 (Dkt. #15). On August 6, 2024, Defendants filed their Reply (Dkt. #18).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendants move to dismiss Merrill's Amended Complaint for five reasons (Dkt. #14).[3] But the Court need only address one: whether *res judicata* bars Merrill from relitigating her claims after they were dismissed in the State Court Action (Dkt. #14 at p. 4). It does.

The preclusive effect of a prior judgment is determined by the law of the state that issued the decision. *See Purcell v. Bellinger*, 940 S.W.2d 599, 601 (Tex. 1997); *see also Cox v. Nueces Cnty., Tex.*, 839 F.3d 418, 420–21 (5th Cir. 2016) ("Because the claimed preclusive effect arises from a state-court judgment, we apply Texas law to determine whether *res judicata* is applicable.") (cleaned up). In Texas, a party seeking to invoke *res judicata* must prove the following three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (citing *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979)).

Here, Merrill's claims are undoubtedly barred by *res judicata*. First, there is a final judgment because the 380th Judicial District Court, Collin County, Texas, finally disposed of Merrill's six state law claims on summary judgment. *Merrill*, 2023 WL 3070810, at *1. Second, the parties here—Merrill, Individual Defendants, and MISD—are identical or in privity with those in the

---

[3] Defendants advance several alternative arguments in favor of their Motion to Dismiss under Rules 12(b)(1), 12(b)(6), and TEX. CIV. PRAC. & REM. CODE § 101.106 (Dkt. #14 at pp. 3–4). The thrust of Defendants' 12(b)(1) argument is that Merrill failed to exhaust her administrative remedies before filing suit (Dkt. #14 at pp. 6–7). Defendants also contend that, under Rule 12(b)(1), the Court should dismiss Merrill's claims against Individual Defendants in their individual capacity because they are mutually exclusive with Merrill's decision to sue MISD (Dkt. #14 at p. 4). As to Merrill's claims against MISD, Defendants claim immunity (Dkt. #14 at p. 4). The Court need not address any of Defendants' arguments under Rule 12(b)(1) because every claim that Merrill asserts is barred by *res judicata*. Therefore, the Court's decision under Rule 12(b)(6) is case dispositive.

State Court Action. *Id.* Finally, Merrill now seeks to raise the same six claims that were dismissed against the same three defendants (Dkt. #13). She cannot.

Unfazed, Merrill re-asserts her claims here, arguing that *res judicata* does not apply because the state court's dismissal was on jurisdictional grounds rather than on the merits (Dkt. #15 at ¶¶ 31–36). Wrong. To be sure, the Dallas Court of Appeals did state that Individual Defendants were "immune from suit." *Merrill*, 2023 WL 3070810, at *1. Yet it did so based on its application of TEX. EDUC. CODE § 22.0511. *Id.* at *4–8. Critically, the title of § 22.0511 is "Immunity from *Liability*." TEX. EDUC. CODE § 22.0511 (emphasis added). And as the Texas Supreme Court has made clear, "[i]mmunity from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments." *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)). Thus, though the Dallas Court of Appeals classified Individual Defendants' immunity as that from suit, based upon the language of the statute, their immunity was from *liability*, which is not jurisdictional. *Id.*; *Merrill*, 2023 WL 3070810 at *1; TEX. EDUC. CODE § 22.0511. Indeed, the Dallas Court of Appeals never even suggested that it lacked jurisdiction. *See Merrill*, 2023 WL 3070810. Neither did it expressly say so. *See id.* And Merrill advances no legitimate basis to read the court's opinion differently (*See* Dkt. #15). The only conclusion that makes sense is that the Court of Appeals concluded that Defendants were immune from liability. That must be the case, given that the trial court dismissed Merrill's claims with prejudice. *Merrill*, 2023 WL 3070810, at *4; *see also Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (noting that dismissal for lack of "subject matter jurisdiction . . . does not implicate the claims' merits" and thus, "the trial court must dismiss the claims without prejudice"); *Tex.*

*Dep't of Family & Protective Servs. v. Grassroots Leadership, Inc.*, No. 23-0192, 2025 WL 1642437, at *23 (Tex. May 30, 2025) (rendering "a judgment of dismissal without prejudice for lack of subject-matter jurisdiction").

In sum, Merrill's only argument that the prior dismissal was jurisdictional is that the Dallas Court of Appeals used the word "suit" instead of "liability" in deciding the type of immunity Individual Defendants enjoy (Dkt. #15 at ¶¶ 31–36). *Merrill*, 2023 WL 3070810, at *1. That argument ignores every indication to the contrary. It ignores the text of the statute. *See* TEX. EDUC. CODE § 22.0511. It ignores the title of the statute. *Id.* It ignores the entirety of the appellate court's analysis supporting its conclusion. *See Merrill*, 2023 WL 3070810, at *4–8. It ignores the legion of caselaw treating immunity from liability and immunity from suit as distinct concepts, the former of which is non-jurisdictional. *See, e.g.*, *Harris Cnty. Hosp. Dist.*, 283 S.W.3d at 842; *Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 224; *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). And it ignores the fact that the trial court dismissed Merrill's claims with prejudice. *Merrill*, 2023 WL 3070810, at *4. Accordingly, the Court concludes that *res judicata* bars Merrill from relitigating the claims that she brought in the State Court Action.

That leaves Merrill's state law claims against MISD and Individual Defendants in their official capacity, her Texas Labor Code claim, and her Title VII claim (Dkt. #13 at ¶¶ 40–77). Those claims fare no better. *Res judicata*'s preclusive effect does not end at the claims that Merrill brought in the State Court Action. It extends to claims that, "with the use of diligence, *could have been brought* in the prior suit." *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022) (emphasis added). To determine whether a claim "could have been brought" in a prior suit, Texas takes a "transactional approach." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex.

9

2007). "Under the transactional approach, . . . a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit." *Id.* (citing *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992)). Thus, "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr*, 837 S.W.2d at 631.

Here, there is no valid reason to subject Defendants to two different lawsuits. *Id.* All of Merrill's claims arise from a single transaction—her alleged forced resignation from SJMS following the discovery of her intimate photographs (*See* Dkt. #13). "[W]ith the use of diligence," Merrill could have added MISD as a defendant, brought her official capacity claims against Individual Defendants, and brought her Texas Labor Code and Title VII claims in the State Court Action. *See Rosetta*, 645 S.W.3d at 225. She chose not to. Instead, she sued only Individual Defendants in their individual capacity and lost on summary judgment. Now she seeks to take a second bite at the apple. Permitting her to do so would flout *res judicata*'s goals of "bring[ing] an end to litigation, prevent[ing] vexatious litigation, maintain[ing] stability of court decisions, promot[ing] judicial economy, and prevent[ing] double recovery." *Citizens Ins. Co.*, 217 S.W.3d at 449 (citing *Barr*, 837 S.W.2d at 629; *Jeanes v. Henderson*, 688 S.W.2d 100, 105 (Tex. 1985)). The claims are barred.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Second Motion to Dismiss (Dkt. #14) is hereby **GRANTED in part** and **DENIED in part**. Specifically, Defendants' Second Motion to Dismiss (Dkt. #14) is **GRANTED** to the extent that *res judicata* bars Merrill from relitigating the

claims that she already brought and those that she could have brought in the State Court Action.

Accordingly, Plaintiff's Amended Complaint (Dkt. #13) is **DISMISSED with prejudice**.

It is further **ORDERED** that Defendants' Motion for Rule 11 Sanctions (Dkt. #14) is **DENIED**.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED.**
**SIGNED this 16th day of June, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE